THOMAS, Justice.
The petitioner, a self-insured employer, is unhappy about the order of the Full Commission affirming one of the deputy commissioner entered 16 July 1964.
The claimant, Fred Cothren, now respondent, was employed to drive trucks and handle freight. During his service he had undergone some back injuries. Finally on 28 October 1963 while in the course of his employment he injured his low back as he moved a 450-pound crate. The employer accepted the injury as compensable and the workman was paid temporary total disability benefits until 23 April of that year. Furthermore, he was given medical care from the date of the occurrence until 19 February 1964. He was first treated by Dr. Mitchell, an industrial surgeon, with whom, in a month, the claimant became dissatisfied. The employer then sent him to Dr. Thompson, orthopedic surgeon. Ten days later he was released by these two doctors for return to work. This disposi *339 tion was unacceptable to the claimant so on his own account he consulted Dr. Todd, another orthopedic surgeon, who sent him to Dr. Lyerly, who recommended consideration of a myelogram. The employer assumed responsibility for the charges of Dr. Todd and acquiesced in the treatment by Dr. Lyerly.
About the time claimant entered the hospital in preparation for the myelogram he displayed symptoms of bronchial trouble and Dr. Lyerly told him to consult his personal physician whereupon Dr. Gatling became the fifth physician to enter the picture. Late in March 1964 the claimant consulted Dr. Sapp who treated his chest condition. Soon afterward he suffered a massive myocardial infarction and for this condition he was treated by Dr. Williams, internist and cardiologist. Two months later he was examined by Dr. Baker, another internist and cardiologist.
There was a variety of opinion among the doctors about the traceability of the heart and chest infirmities to the industrial accident. The deputy faithfully appraised the testimony and undertook to resolve the conflicts. One of the eight physicians, all eminently qualified, observed, with reference to the different opinions, “Oh, yes, doctors disagree over everything.”
The deputy found that the respiratory difficulties were entirely related to the accident and subsequent hospitalization and ordered the employer to pay temporary total compensation and bear the cost of treatment as long as claimant’s condition endured. He attributed 75% of the heart attack to the incident and ordered the employer to pay that proportion of treatment for the attack, and that percentage of temporary total disability compensation, until such time as the claimant was fit to stand exploratory surgery which had been initially recommended by Dr. Lyerly.
The Full Commission concluded that there was competent substantial evidence according with logic and reason to support the deputy’s finding.
This decision of the Full Commission is challenged by the petitioner-employer who tells us in the brief that there is a conflict “of sorts” in the medical testimony and that to decide the point “it is necessary that the entire record and testimony * * * be scrutinized carefully in order to determine whether or not the resolution of the conflicting medical opinions in favor of the claimant was in accord with logic and reason.”
In effect, the only question propounded by the petitioner-employer “whether or not there is competent substantial evidence to support the deputy commissioner’s findings as embodied in the interim order of July 16, 1964” is, as thus, presented, an invitation to this court to reevaluate the testimony which this court will not do. The petitioner-employer has, argued his side of the case exhaustively andi plausibly but he has not convinced us the-deputy went so far afield in his analysis ofwhat was said by the doctors that there is. justification for interference by us. There-were eight of them which indicates that the-workman had rather more than a modicum, of medical attention, and, further that there-was available to the employer a vast reservoir of information from which to draw.
The only question raised by the-cross-petition is that the deputy and Full Commission erred in fixing the compensation of the claimant at $31.50 instead of' $42. weekly. The deputy computed the payment at 75 per cent, of the sum allowable-because he felt that the claimant’s worry-over his back condition and his respiratory infection, combined with the prolonged delay of his back treatment accelerated the-onset of the heart condition by 75 per cent..
Although the heart trouble did not have-its inception in the accident there is abundant acceptable testimony which the deputy chose to believe that during the protracted, treatment of the claimant and the anxiety-occasioned him by the anticipation of the-laminectomy and the diminution of his in- *340 come with consequent financial worry meanwhile, his condition not only worsened but aggravated a pre-existing heart condition.
We conclude that the petition for certio-rari constituting an assault upon the entire disposition of the case and the cross-petition in which it was contended that the compensation should be fixed at $42. weekly instead of 75 per cent, of that amount, or $31.50, should both be denied.
The attorneys for respondent and cross-petitioner, Fred Cothren, are awarded a fee in the amount of two hundred fifty dollars ($250) for services in this Court.
THORNAL, C. J., and O’CONNELL, CALDWELL and ERVIN, JJ., concur.